1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6

7  Attorneys for Defendant
   Portfolio Recovery Associates, LLC

8

9                 UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  GREGORY ALAN MONTEGNA,          )  CASE NO.  12-cv-00764-MMA-BGS
    individually and on behalf of all others )
13  similarly situated,              )
                                     )  **ANSWER TO FIRST AMENDED**
14                                   )  **COMPLAINT**
                                     )
15           Plaintiffs,             )
                                     )
16                                   )
        vs.                          )
17                                   )
                                     )
18  PORTFOLIO RECOVERY               )
    ASSOCIATES, LLC,                 )
19                                   )
             Defendant.              )
20  —————————————————————— )

21

22

23

24

25

26

27

28

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") hereby submits the following Answer to the First Amended Complaint filed in this action by plaintiff GREGORY ALAN MONTEGNA ("Plaintiff"):

1.      In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff brings this action for alleged illegal actions of Defendant and its related entities, subsidiaries and agents pursuant to California Penal Code §§ 630, *et seq.* Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.      In answering Paragraph 2 of the Complaint, Defendant avers that the contents of California Penal Code § 632 are self-explanatory.   Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.      In answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction arises pursuant to 28 U.S.C. § 1332.  Defendant admits on information and belief that Plaintiff is a resident of California and further admits that Defendant is a resident of Norfolk, VA.  Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.      In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff alleges venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1441(a). Defendant admits that it has, at times, done business within the State of California and the County of San Diego.  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.      In answering Paragraph 5 of the Complaint, Defendant admits on information and belief that Plaintiff is a resident of the county of San Diego in the State of California.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.      In answering Paragraph 6 of the Complaint, Defendant admits that it is a limited liability corporation whose primary corporate address is in Norfolk, VA. Defendant admits that it has, at times, recorded or monitored telephone conversations between it and members of the public, including California residents.  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7.      In answering Paragraph 7 of the Complaint, Defendant admits that it is a limited liability corporation.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.      In answering Paragraph 8 of the Complaint, Defendant admits on information and belief that Plaintiff is an individual residing within the State of California.

9.      Denied.

10.     In answering Paragraph 10 of the Complaint, Defendant denies that it spoke to this Plaintiff on March 19, 2012, admits that the Defendant sought to speak with the Plaintiff on a personal business matter, and denies that the Plaintiff did not consent to the recording of communications.  Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 15 of the Complaint.

16.     Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 16 of the Complaint.

17.     Defendant denies that there is any legitimate basis under Rule 23 of the

1  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

2  the allegations of Paragraph 17 of the Complaint.

3       18.    Defendant denies that there is any legitimate basis under Rule 23 of the

4  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

5  the allegations of Paragraph 18 of the Complaint.

6       19.    Defendant denies that there is any legitimate basis under Rule 23 of the

7  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

8  the allegations of Paragraph 19 of the Complaint.

9       20.    Defendant denies that there is any legitimate basis under Rule 23 of the

10  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

11  the allegations of Paragraph 20 of the Complaint.

12       21.    Defendant denies that there is any legitimate basis under Rule 23 of the

13  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

14  the allegations of Paragraph 21 of the Complaint.

15       22.    Defendant denies that there is any legitimate basis under Rule 23 of the

16  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

17  the allegations of Paragraph 22 of the Complaint.

18       23.    Defendant denies that there is any legitimate basis under Rule 23 of the

19  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

20  the allegations of Paragraph 23 of the Complaint.

21       24.    Defendant denies that there is any legitimate basis under Rule 23 of the

22  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

23  the allegations of Paragraph 24 of the Complaint.

24       25.    Defendant denies that there is any legitimate basis under Rule 23 of the

25  Federal Rules of Civil Procedure to certify a class in this case, and therefore denies

26  the allegations of Paragraph 25 of the Complaint.

27       26.    In answering Paragraph 26 of the Complaint, Defendant incorporates by

28  reference paragraphs 1 through 25 above as if fully set forth herein.

27.     In answering Paragraph 27 of the Complaint, Defendant avers that the contents of the California Constitution, California Penal Code § 632, and *Kearny v. Salmon Smith Barney, Inc.*, 39 Cal. 4th 95 (2006), are self-explanatory.  Except as herein admitted the remaining allegations of Paragraph 27 are denied.

28.     In answering Paragraph 28 of the Complaint, Defendant avers that the contents of California Penal Code § 632 are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     In answering Paragraph 34 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff and the members of the putative class are entitled to any relief requested.

35.     In answering Paragraph 35 of the Complaint, Defendant avers that no response is required of it.

36.     In answering Paragraph 36 of the Complaint, Defendant incorporates by reference paragraphs 1 through 35 above as if fully set forth herein.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     In answering Paragraph 43 of the Complaint, Defendant incorporates by reference paragraphs 1 through 42 above as if fully set forth herein.

44.     Denied.

1    45.    Denied.

2    46.    Denied.

3    47.    Denied.

4    48.    In answering Paragraph 48 of the Complaint, Defendant incorporates by

5    reference paragraphs 1 through 47 above as if fully set forth herein.

6    49.    Denied.

7    50.    Denied.

8    51.    Denied.

9    52.    In answering Paragraph 52 of the Complaint, Defendant denies all

10   allegations therein and denies that Plaintiff is entitled to any relief requested.

11

12                          **AFFIRMATIVE DEFENSES**

13        As and for separate affirmative defenses to the Complaint, Defendant alleges as

14   follows:

15

16                     **FIRST AFFIRMATIVE DEFENSE**

17                        **(Failure to State a Claim)**

18        The allegations of the Complaint fail to state a claim against Defendant upon

19   which relief can be granted.

20

21                    **SECOND AFFIRMATIVE DEFENSE**

22                    **(Statute of Limitations/Laches)**

23        The purported claims set forth in the Complaint are barred in whole or in part

24   by the applicable statutes of limitation and/or the equitable doctrine of laches.

25

26                     **THIRD AFFIRMATIVE DEFENSE**

27                           **(Unclean Hands)**

28        The allegations in the Complaint and relief requested are on information and

belief barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
#### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

### FIFTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

### SIXTH  AFFIRMATIVE DEFENSE
#### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Apportionment)

Without admitting that any damages exist, if damages were suffered by

Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant has or had no control.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Commerce Clause)

Defendant's conduct is subject to the Commerce Clause of the United States Constitution.  Plaintiff's proposed interpretation of provisions of the California Penal Code must be rejected as it would place an unreasonable restraint upon interstate commerce, thereby raising serious constitutional issues.

//

//

//

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### (Justification)

3       Defendant's conduct was justified because it substantively furthered one or

4  more countervailing interests.

5

6       WHEREFORE, Defendant requests judgment as follows:

7       1.   That Plaintiff takes nothing by the Complaint, which should be dismissed

8  with prejudice.

9       2.   That Defendant recovers from Plaintiff costs according to proof.

10      3.   That Defendant recovers attorneys' fees according to proof.

11      4.   That the Court orders such other further reasonable relief as the Court may

12  deem just and proper.

13

14  DATED: May 7, 2012               SIMMONDS & NARITA LLP
                                     TOMIO B. NARITA
15                                   JEFFREY A. TOPOR

16
                                     By:  s/Jeffrey A. Topor
17                                        Jeffrey A. Topor
                                          Attorneys for Defendant
18                                        Portfolio Recovery Associates, LLC

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2        I, Jeffrey A. Topor, hereby certify that:

3        I am employed in the City and County of San Francisco, California.  I am over

4   the age of eighteen years and not a party to this action.  My business address is 44

5   Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel

6   of record for the defendant in this action.

7        On May 7, 2012, I caused the **ANSWER TO FIRST AMENDED**

8   **COMPLAINT** to be served upon the parties listed below via the Court's Electronic

9   Filing System:

10

11  <u>**VIA ECF**</u>

12  Abbas Kazerounian, Esq.
    ak@kazlg.com
13  Counsel for Plaintiff

14  Joshua Swigart, Esq.
    josh@westcoastlitigation.com
15  Counsel for Plaintiff

16

17        I declare under penalty of perjury that the foregoing is true and correct.

    Executed at Baltimore, Maryland on this 7th day of May, 2012.
18

19

20                          By:   s/Jeffrey A. Topor
                                  Jeffrey A. Topor
21                                Attorneys for Defendant
                                  Portfolio Recovery Associates, LLC
22

23

24

25

26

27

28